THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY GILLIAM, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 17-0003-CV-W-FJG |
| INFRASOURCE INSTALLATION, LLC, | ) |
| MIKE SHAW, DAN FENSOM, and | ) |
| DAN HERBER, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 6).

The present matter was first before this Court in 2015, in Case No. 15-0382. Defendant Infrasource Installation, LLC was the only named defendant, and as an out-of-state entity, removed the action as a matter of right. On December 8, 2015, the parties filed a stipulation of dismissal without prejudice (Doc. No. 18 in Case No. 15-0382), and thereafter the case was closed by this Court.

On December 2, 2016, plaintiff re-filed this case in the Circuit Court of Jackson County, Missouri, naming as defendants not only InfraSource Installation, LLC, but also three of its employees, Mike Shaw, Dan Fensom, and Dan Herber. The three employees are all citizens of the state of Missouri. On January 5, 2017, defendant InfraSource Installation, LLC removed the action to federal court, arguing that the three employees had been fraudulently joined to this action to prevent removal to federal court. The facts as pled by plaintiff are that on August 16, 2014, plaintiff was riding his motorcycle in the City Market area of Kansas City when he encountered a set of steel

plates in the roadway.  Plaintiff alleges that the plates were not level and created a hazard because there was a gap between the plates and the street.  Plaintiff alleges that when he attempted to ride over the steel plates, his motorcycle's back tire slipped, causing the motorcycle to go sideways and causing plaintiff to suffer numerous injuries. Plaintiff alleges that InfraSource Installation, LLC, and the named employees were negligent in the manner in which they installed the steel plates in the roadway. Plaintiff's petition contains two counts against all defendants:  (1) Negligence; and (2) Res Ipsa Loquitur.

On January 13, 2017, plaintiff moved to remand.  Plaintiff indicates that in its removal papers, defendant InfraSource Installation, LLC, failed to demonstrate that the employees had been fraudulently joined as defendants in this action.  As noted by plaintiff, defendant's notice of removal does not assert a legal reason why Shaw, Fensom, and Herber are not appropriate defendants; instead, the notice of removal merely asks the Court to consider that the previous action had been dismissed without prejudice, and then re-filed in state court adding in-state defendants, and on that basis defendant asks the Court to impute that the in-state defendants are fraudulently joined.

In considering fraudulent joinder, "[a] party has been fraudulently joined when there exists no reasonable basis in fact and law to support a claim against it." Junk v. Terminix Int'l Co., 628 F.3d 439, 445 (8th Cir. 2010). "By requiring the defendant to prove that the plaintiff's claim against the nondiverse defendant has no reasonable basis in law and fact, we require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion. In this analysis, we do not focus on the of the artfulness plaintiff's pleadings." Knudson v. System

Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011) (internal citation omitted) (cited in Hubbard v. Federated Mutual Insurance Co., 799 F.3d 1224, 1227 (8th Cir. 2015)). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." Id. at 975. Here, plaintiff argues that defendant InfraSource Installation, LLC, has failed to meet this burden.

In response to the motion to remand, defendant InfraSource Installation, LLC, argues there are only certain circumstances wherein an employee may be held personally liable for actions toward third parties: (1) when an employee has or assumes full or complete control of his employer's premises (Giles v. Moundridge Milling Co., 173 S.W.2d 745, 751 (Mo. 1943)); or (2) when the employee breaches some duty which he owes to a third person (Id. at 751). Defendant argues that the petition does not allege that the employee defendants had control of the premises. Thus, defendants argue they could only be found liable if they breached a legal duty owed independently of any master-servant relationship. Defendant then cites Bradley v. Wal-Mart Stores, Inc., No. 1:11-CV-76 SNLJ, 2011 WL 3471006, at *1 (E.D.Mo. Aug. 8, 2011), as an example of a case wherein a store employee was found to have been named in the case for the primary purpose of defeating federal jurisdiction, given that the Court found that Missouri law did not support a claim against the employee defendant in this slip and fall case wherein the employee was not on duty or in the store at the time of the slip-and-fall. Id. at *2. Defendant argues that its employee defendants were not on duty at the time of plaintiff's accident in the present matter, either.

In his reply suggestions, plaintiff notes that the standard for the Court to apply in fraudulent joinder cases is stated in Filla v. Norfolk Southern Railway. Co., 336 F.3d 806

(2003): if "state law <u>might</u> impose liability on the resident defendant of the facts alleged – then there is no fraudulent joinder" <u>Id.</u> at 810 (internal citations omitted, emphasis added). Furthermore, if the question is close, the federal court should not decide the doubtful question, but remand the case for the state courts to decide. <u>Id.</u> at 811. Plaintiff further notes that he has alleged that the employee defendants were negligent by creating a dangerous condition on the road, placing a bowed plate in the road, causing a gap between the plates, and failing to place signage warning of the dangerous condition. Plaintiff further alleged that the employee defendants, "as the parties responsible for oversight and/or the labor installing the plates in the roadway and their resulting interactions with motorists, owed a duty of care to all other motorists and pedestrians to whom injuries were reasonably foreseeable." Petition, ¶21. Plaintiff argues that under these allegations he has stated a colorable state-law claim against the non-diverse employee defendants.

    To determine whether an employee has breached a duty owed to a third party, under Missouri law "the test is whether [the employee] has breached his legal duty or been negligent with respect to something over which he did have control." <u>State ex rel. Kyger v. Koehr</u>, 831 S.W.2d 953, 956 (Mo.App. E.D.1992). Plaintiff asserts that his petition makes such allegations. Moreover, plaintiff notes that <u>Bradley v. Wal-Mart Stores, Inc.</u>, cited by defendant, is distinguishable, in that Plaintiff Bradley did not respond to defendants' motion to dismiss the non-diverse defendant, and the Plaintiff Bradley failed to plead that the non-diverse defendant had knowledge of the dangerous condition of the substance on the floor. Here, even though the non-diverse defendants

4

are not alleged to have been present at the time of the accident, plaintiff has pled that they were aware of and created the dangerous conditions that caused the accident.

This Court finds that, for the reasons stated by plaintiff, plaintiff has sufficiently alleged facts which might impose liability upon the resident defendants. Thus, there is no fraudulent joinder in this matter. Therefore, the Court finds that complete diversity between the plaintiff and defendants does not exist, and federal jurisdiction is lacking. Plaintiff's Motion to Remand (Doc. No. 6), therefore, is **GRANTED**. This case is remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

**/S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge

Dated: May 4, 2017
Kansas City, Missouri